IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| MARGARET WALLACE, | : |
| : | CIVIL ACTION |
| Plaintiff, | : |
| : | |
| v. | : NO. 05-CV-02797 |
| : | |
| SUPERIOR GROUP, SHARP CORP. | : |
| C.K. HOBBIE, INC. ET AL | : |
| Defendants. | : |
| | : |

**DEFENDANTS' MOTION TO DISMISS PLAINTIFF'S COMPLAINT
OR IN THE ALTERNATIVE FOR SUMMARY JUDGMENT**

Defendants Superior Group ("Superior"), Sharp Corporation ("Sharp"), George K. Burke ("Burke"), Tom D'Flipo ("D'Flipo"), Warren G. Warden, III ("Warden"), Peter Gould ("Gould") and Warren G. Warden, IV ("Warden, IV"), (where no distinction is necessary, collectively referred to as "Defendants"), by their undersigned counsel, hereby move this Court to dismiss the Complaint pursuant to Federal Rule of Civil Procedure 12(b)(6), or in the alternative for summary judgment under Federal Rule of Civil Procedure 56. The reasons for Defendants' motion are fully set forth in the accompanying memorandum of law, which is incorporated herein by reference.

WHEREFORE, Defendants respectfully pray that their Motion to Dismiss or for Summary Judgment be granted and that this case be dismissed with prejudice.

Respectfully submitted,

Dated: July 11, 2005

Matthew J. Maguire (I.D. No. 73844)
Andrew DeLucia (I.D. No. 91203)
PEPPER HAMILTON LLP
400 Berwyn Park
899 Cassatt Road
Berwyn, PA 19312-1183
(610) 640-7800

Attorneys for Defendants

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| MARGARET WALLACE, | : |
| : | CIVIL ACTION |
| Plaintiff, | : |
| : | |
| v. | : NO. 05-CV-02797 |
| : | |
| SUPERIOR GROUP, SHARP CORP. | : |
| C.K. HOBBIE, INC. ET AL | : |
| Defendants. | : |
| | : |

## ORDER

AND NOW, this _____ day of _____, 2003, upon consideration of Defendants' Motion to Dismiss the Complaint or For Summary Judgment, and any response thereto, it is hereby ORDERED that the motion is GRANTED. IT IS FURTHER ORDERED that the Complaint is hereby DISMISSED WITH PREJUDICE.

BY THE COURT:

_____
Giles, J.

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| MARGARET WALLACE, | : |
| : | CIVIL ACTION |
| Plaintiff, | : |
| : | |
| v. | : NO. 05-CV-02797 |
| : | |
| SUPERIOR GROUP, SHARP CORP. | : |
| C.K. HOBBIE, INC. ET AL | : |
| Defendants. | : |
| | : |

**MEMORANDUM OF LAW IN SUPPORT OF DEFENDANT'S MOTION**
**TO DISMISS PLAINTIFF'S COMPLAINT OR FOR SUMMARY JUDGMENT**

I. **INTRODUCTION**

Defendants, by their undersigned counsel, hereby submit this memorandum of law in support of their Motion to Dismiss Plaintiff's Complaint pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure, or for Summary Judgment pursuant to Rule 56 of the Federal Rules of Civil Procedure. Although it is difficult to discern the types of claims set forth in the Complaint, plaintiff Margaret Wallace ("Wallace") appears to allege three causes of action based upon purported civil rights violations under 42 U.S.C. §§ 1983, 1985 and 1986 (hereinafter referred to as "Section 1983", "Section 1985" and "Section 1986" respectively).[1] Defendants recognize that Wallace is a pro se plaintiff whom the Court will not hold to strict compliance

---

[1] Wallace's Complaint refers to other potential claims, such as claims under Title VII of the Civil Rights Act, The Pennsylvania Human Relations Act, OSHA regulations, 42 U.S.C. §1981 and "other laws", but confirms that such potential claims are speculative and are not before the Court. Comp. at p. 30, ¶25; p. 31, ¶ 28.

with the Federal Rules of Civil Procedure[2]. Nevertheless, Wallace's Complaint fails to support any cause of action against Defendants upon which relief could be granted. Wallace has failed to plead the requisite elements of a cause of action under either Section 1983, 1985 or 1986. Wallace's claims against Defendants fail as a matter of law because she cannot establish that the Defendants acted under color of state law, engaged in any conspiracy with respect to protectable civil rights or failed to report any alleged conspiracy.

## II.  STATEMENT OF FACTUAL ALLEGATIONS

For purposes of this Motion only, Defendants assume the following facts stated in Wallace's Complaint to be true. Because the Complaint is difficult to comprehend, the following statements are recited as understood by Defendants.

Wallace filed a thirty eight page Complaint, along with documents pertaining to her application for unemployment compensation benefits and several documents pertaining to a workplace accident that occurred on or about January 18, 2005.[3] The Complaint is generally set forth in a narrative fashion and contains certain numbered paragraphs.[4]

Wallace was employed by Hobbie Personnel, a temporary contractor. (Comp. at p. 2). On Thursday January 13, 2005 Wallace was assigned to work at the Allentown production

---

[2] Wallace failed to properly affect service on all defendants. Without waiver of Wallace's defective service, Defendants submit this motion to dismiss because Wallace's Complaint suffers from a variety of deficiencies that warrant its dismissal.

[3] The Court's Docket reveals that this matter is related, 03-CV-00828, to a prior pro se Complaint filed by Wallace and her husband John Wallace. The prior action also purported to be a Section 1983 claim. The Court dismissed the prior action for lack of subject matter jurisdiction.

[4] Because Wallace's Complaint does not contain numbered paragraphs pursuant to Rule 10(b) of the Federal Rules of Civil Procedure, citations to the Complaint are cited as "Comp. at p.____." Where numbered paragraphs exist within the Complaint, citations are cited as "Comp. at p. ___, ¶ ___."

facility of Sharp Corporation. (Comp. at pp. 6, 15). Sharp is a privately owned company that is owned by Superior Group, a family owned holding company. (Comp. at p. 2). Wallace continued to work at Sharp on January 14th and January 15th. (Comp. at p. 15). Sharp is in the business of packaging pharmaceutical products. (Comp. at p. 6).

On January 18, 2005, at approximately 7 a.m. Wallace was walking to her work station when an incident occurred in which Wallace was injured by a pallet jack. (Comp. at p. 6). Wallace alleges that she was "struck from behind and to her left by a carelessly driven pallet jack", hit her head on the floor, injured her left arm and sustained other injuries. (Comp. at p. 6). Wallace was treated at a hospital facility on Monday January 18th and was rechecked on January 21, at which time she was able to return to work. (Comp. at p. 7). Wallace worked at Sharp on January 24. (Comp. at p. 15). At the end of the shift on January 24th at approximately 6:30 p.m., Wallace's employment with Hobbie was terminated. (Comp. at p. 15)

## III.   ARGUMENT

### A.   Standard For A Motion To Dismiss Pursuant To Federal Rule Of Civil Procedure 12(b)(6)

Any claim in a complaint is subject to dismissal for failure to state a claim upon which relief may be granted if it is clear that a plaintiff could prove no set of facts that would entitle it to relief. Lamb Foundation v. North Wales Borough, 2001 WL 1468401 * 5 (E.D. Pa.) (Giles, J.). On a motion to dismiss, the court must accept as true the well-plead allegations of the complaint and construe all allegations in the light most favorable to the plaintiff. Id. However, a complaint that asserts only conclusory allegations that do not provide the defendant with notice of the material elements of the claim must be dismissed. McCann v. Catholic Health Initiative, No. 98-CV-1919, 1998 WL 575259, at *1 (E.D. Pa. Sept. 8, 1998) (citing Sterling v. SEPTA,

897 F. Supp. 893, 895 (E.D. Pa. 1995)). Application of this standard requires dismissal of Wallace's Complaint.

> B. **Wallace's Section 1983 Claim Must Be Dismissed On The Grounds That None Of The Alleged Conduct Occurred Under The "Color Of State Law"**

To state a claim for relief under Section 1983, Wallace must establish that she was deprived of a right secured by the Constitution or laws of the United States, "and that the alleged deprivation was committed under the color of state law." Am. Mfg. Mutual Ins. Co. v. Sullivan, 526 U.S. 40, 49-50 (1999) (holding essential element of Section 1983 claim not satisfied because actions of private insurer pursuant to workers' compensation statute were not attributable to the state); Graham v. City of Philadelphia, 2002 WL 1608230 at *7 (E.D. Pa. 2002) (Giles, J.) ("[t]he threshold requirement for bringing [a Section 1983 claim] is 'the alleged deprivation was committed by a person acting under color of state law.'" (citations omitted). Section 1983 excludes "merely private conduct, no matter how discriminatory or wrongful." Sullivan, 526 U.S. at 50 (citations omitted).

Wallace's Section 1983 claims fails as a matter of law on the grounds that neither Superior, Sharp, nor any of the individually identified defendants were state actors. To the contrary, Wallace admits that Sharp is a private company engaged in the packaging business, and that Superior is its parent company. Furthermore, the Complaint is devoid of any facts that suggest any of the Defendants were acting under the color of state law. See Graham v. City of Philadelphia, 2002 WL 1608230 at *4 (dismissing Section 1983 where no state action found). According, Wallace's primary claim under Section 1983 fails as matter of law and should be dismissed.

C. **Wallace Failed To Plead A Viable Claim Under Section 1985(3)**

Wallace has also failed to state a claim under Section 1985(3)[5]. In order to establish a cause of action under Section 1985 (3), a plaintiff must allege (1) a conspiracy; (2) motivated by a racial or class based discriminatory animus for the purpose of depriving, either directly or indirectly, any person or class of persons of the equal protection of the laws, or of equal privileges and immunities under the laws; (3) an act in furtherance of the conspiracy; (4) whereby a person is either injured in his person or property or deprived of any right or privilege of a citizen of the United States. United Bhd. of Carpenters & Joiners of Am. Local 610 v. Scott, 463 U.S. 825, 828-29 (1983); Susavage v. Bucks County Schools, 2002 WL 109615 *20 (E.D. Pa.) (Giles, J.).

A conspiracy claim under Section 1985(3) requires "a clear showing of invidious, purposeful and intentional discrimination between classes or individuals." Robinson v. McCorkle, 462 F.2d 111, 113 (3d Cir. 1972); accord, Scott, 463 U.S. at 829. See also Tyrrell v. City of Scranton, 134 F. Supp. 2d 373, 388 (M.D. Pa. 2001) (granting motion to dismiss Section 1985(3) and 1986 claims). A plaintiff also must allege specific conduct which denied her equal protection or equal privileges and immunities because of race. See Atuahene v. Shermet Ind., Civ. A. No. 99-866, 2000 U.S. Dist. LEXIS 12944, at * 9 (E.D. Pa. Sept. 7, 2000) (dismissing, *inter alia*, plaintiff's Section 1985 claim).

Wallace's Section 1985(3) claim should be dismissed for two independent reasons. First, Wallace fails to allege a violation of a right recognized under Section 1985(3). Second, Wallace fails to allege specific facts to support any conspiratorial agreement.

---

[5] Under Section 1985, only Section 1985(3) could possibly be alleged against the private defendants in this case.

-5-

1.  **Wallace's Section 1985(3) Claim Should Be Dismissed Because No Protectable Right Is At Issue**

Section 1985(3) does not itself create any substantive rights; rather "it serves only as a vehicle for vindicating federal rights and privileges which have been defined elsewhere." Great Am. Fed. Sav. & Loan Ass'n v. Novotny, 442 U.S. 366, 376 (1979). The United States Supreme Court has recognized only two rights which can support claims made under Section 1985(3), such as this one, against private (as opposed to public) conspirators: 1) the right to be free from involuntary servitude;[6] and 2) the right to interstate travel. See Brown v. Philip Morris, Inc., 250 F.3d 789, 805 (3d Cir. 2001) (citing Bray v. Alexandria Women's Health Clinic, 506 U.S. 263, 278 (1993).

In this case, it is undisputed that Superior, Sharp and the identified individual management defendants are private actors, not public actors. Nowhere in her Complaint does Wallace allege that the Defendants violated her constitutional right to interstate travel or her constitutional right to be free from involuntary servitude. Indeed, the essence of Wallace's Section 1985(3) is an allegation that Sharp and Hobbie conspired to "cover up the accident at Sharp with falsified information of Hobbie to the Unemployment Compensation people." This allegation fails to implicate either the right to engage in interstate travel or the right to be free from involuntary servitude. Consequently, Wallace's Section 1985(3) claim fails as a matter of law.

---

[6] The term "involuntary servitude" means: "a condition of servitude in which the victim is forced to work for the defendant by the use or threat of physical restraint, or by the use or threat of coercion. . . ." United States v. Kozminski, 487 U.S. 931, 952 (1988).

2. **Wallace's Section 1985(3) Claim Should Be Dismissed Because She Cannot Demonstrate An Actionable Conspiracy**

Wallace's Section 1985(3) claim should be dismissed because there is no factual support for any conspiracy. A Section 1985 claim must aver specific facts to show invidious, purposeful and intentional discrimination between classes or individuals. Tyrrell, 134 F. Supp. 2d at 388; see also Susavage v. Bucks County Schools, 2002 WL 109615 *20 (E.D. Pa.) (Giles, J.) (stating "[t]he Supreme Court has held that §1985(3) protects persons only from those conspiracies motivated by 'some racial, or perhaps otherwise class-based, invidiously discriminatory animus'" (citations omitted). Conclusory allegations that the defendants conspired together regarding the deprivation of constitutional rights is insufficient to state a Section 1985(3) claim. Tyrrell, 134 F. Supp. 2d at 388 (granting motion to dismiss Section 1985(3) claim on the grounds that no facts existed to suggest that there was any agreement between the defendants or what actions they took in furtherance of that agreement. Id.

Likewise, in Rogers v. Mount Union Borough, 816 F. Supp. 308 (M.D. Pa. 1993), the court also granted defendant's motion to dismiss plaintiff's Section 1985 claim. The plaintiff, a former police officer, alleged that members of the borough council discriminated against him because of his race during his tenure and when he was terminated. The Rogers court, mindful that Section 1985 claims need to be pled with factual specificity, dismissed the claim because the allegations were insufficient to raise an inference of a conspiratorial arrangement. Id. at 314; accord Atuahene v. Shermet Ind., 2000 U.S. Dist. LEXIS 12944, at * 9 (dismissing, *inter alia*, plaintiff's Section 1985 claim for failure to allege specific conduct).

Here, as in Rogers and Tyrrell, Wallace failed to allege any specific facts showing that a conspiracy existed, or any specific facts that, if proved, would establish that Sharp engaged

in intentional, invidious conspiracy to injure her or deprive her of her employment. Instead, Wallace only makes a general assertion of conspiracy.

More importantly, Wallace failed to allege any specific facts to show that there was a conspiracy based on invidious, purposeful and intentional discrimination between classes or individuals. In fact Wallace admits "the case does not appear to involve any issues of race, gender, ethnicity . . ." (Comp. at p. 9). Thus, none of the events pertain to Section 1985(3) protected rights involving racial or other class-based discriminatory animus.

### D. Wallace's Failure To Plead A Claim Under Section 1985 Is Fatal To Her Section 1986 Claim

Wallace's claim under Section 1986 also should be dismissed. Section 1986 is a companion to Section 1985(3) and provides a plaintiff with a cause of action against any person who, knowing that a violation of Section 1985 is about to be committed and possessing power to prevent its occurrence, fails to take action to frustrate its execution. See 42 U.S.C. § 1986. Because "transgressions of Section 1986 by definition depend on a preexisting violation of Section 1985," if a plaintiff does not set forth a cause of action under Section 1985, her claim under Section 1986 necessarily must fail also. Rogin v. Bensalem Twp., 616 F.2d 680, 696 (3d Cir. 1980); Robison v. Canterbury Village, Inc., 848 F.2d 424, 431 n.10 (3d Cir. 1988) (affirming dismissal of Section 1985(3) and 1986 claims); Tyrrell, 134 F. Supp. 2d at 388 (dismissing Section 1986 claim because Section 1985 claim failed); Rogers, 816 F. Supp. at 314 (same); see also D.R. v. Middle Bucks Area Vocational Technical School, 1991 WL 14082 (E.D. Pa.) (Giles, J.) (stating "because plaintiffs state no claim under § 1985(3), they cannot recover under § 1986. . . . As a companion statute, no cause of action can be maintained under § 1986, unless a claim is established pursuant to § 1985.") (citations omitted); Bell v. Brennan, 570 F.Supp. 1116, 1119 (E.D. Pa. 1983).

Because Wallace cannot proceed with a claim under Section 1985(3), her Section 1986 claim should be dismissed.

E.  **As Wallace's Federal Claims Must Fail, Wallace's Complaint Should Be Dismissed For Lack of Jurisdiction**

With the federal statutes removed from this case, what remains of Wallace's allegations is the suggestion of an intentional state law tort. Thus, this court should not exercise its pendent jurisdiction over the remainder of Wallace's Complaint. See Graham v. City of Philadelphia, 2002 WL 1608230 at *7 (E.D. Pa. 2002) (Giles, J.) (dismissing claim under 42 U.S.C. §1983 for lack of state action and declining to retain jurisdiction over the state law claims since the federal claims were dismissed.).

F.  **Wallace's Tort Claims Are Barred By The Exclusive Remedy Of Workers' Compensation**

Even if the Court chooses to review Wallace's allegations of tortious conduct, her claim is barred by the exclusivity provisions of the Pennsylvania Workmen's Compensation Act. See Poyner v. Georgia Pacific Corp., 2004 WL 595265 *4 (E.D. Pa. 2004) (Shapiro, J.) (finding recovery against the statutory employer was barred by the Pennsylvania Workmen's Compensation Act.) Wallace apparently seeks to hold Sharp responsible for a workplace injury. Pennsylvania's exclusive recovery under workers' compensation has repeatedly extended to non-employers under the "statutory employer" rule. See Virtue v. Square D Company, 887 F.Supp 88, 102 (M.D. Pa. 1995) (granting summary judgment in favor of employer for claim by temporary employee injured in a forklift accident finding "statutory employer" is immune from suit under the Pennsylvania Workmen's Compensation Act); see also Poyner v. Georgia Pacific Corp., 2004 WL 595265 *4; Wilkinson v. K-Mart, 412 Pa. Super. 434, 441-42 (Pa. Super. 1992) (granting summary judgment in favor of statutory employer).

Here, Wallace alleges that Sharp (and apparently Superior as it's parent company) was the equivalent of her employer Hobbie despite her status a s temporary worker. (Comp. at p.12-13). Accordingly, Wallace is barred from proceeding with a tort action against the Defendants based upon her workplace injury for which workers' compensation is the exclusive remedy.

### G. Defendants Move Alternatively For Summary Judgment

Under Rule 12(b) of the Federal Rules of Civil Procedure, a motion to dismiss can be treated as one for summary judgment pursuant to Rule 56 where matters outside of the pleading are presented to and not excluded by the Court. Fed R. Civ. P. 12(b). Wallace repeatedly avers that her workplace injury was caused by a pallet jack being driven into her, and that this conduct represented "gross negligence" or "criminal negligence." (Comp. at p. 27, ¶ 6; p. 28, ¶8). Wallace's representation in this regard are completely contradictory to her prior admissions that she tripped over a pallet jack. Any suggestion that Sharp, Superior or any of the individual defendants engaged in intentional or negligent conduct is belied by Wallace's reports related to her claim for workers' compensation benefits.

In connection with her workplace accident, Wallace completed and signed a document captioned "Workers Compensation Report By Employee." On that report Wallace explained the detail of how she was injured as follows:

> leaving cafeteria- walking to 320- room 340 pallet jack was in hallway- tripped over pallet jack- hit left elbow on pallet jack."[7]

---

[7] In contrast, among other descriptions, Wallace's complaint states that she was "knocked down by a pallet jack used carelessly by a company employee" (Comp. at 1) "struck from behind and to her left by a carelessly driven pallet jack" (Comp. at 6), "the accident was entirely the fault of the pallet jack operator" (Comp. at 7), and that the incident closely resembled a pedestrian "hit and run" situation.

-10-

A copy of the Workers Compensation Report By Employee is attached as Exhibit "A."

The medical report related to Wallace's treatment also reveals that she informed her doctor that she tripped at work. The medical summary, dated January 18, 2005 signed by Adrienne Apatoczky, D.O. states in relevant part:

> The patient presents to our office stating that today at approximately 7 AM, while at work making her way to her work station, she tripped over a pallet and landed on her left side.

A copy of the January 18, 2005 medical report of Dr. Apatoczky is attached as Exhibit "B.".

Furthermore, the report was completed regarding Wallace's accident describe the occurrence of the injury is described as:

> Walking to work area- didn't see pallet jack and tripped over it falling and hitting left elbow[8]

A copy of the handwritten report dated January 18, 2005 is attached as Exhibit "C."

Given the foregoing incident reports and admissions by Wallace, Defendants are concerned that Wallace has made allegations of being struck by a moving pallet jack. The allegations are false and without merit. Wallace has failed to identify any conduct that would give rise to an action against Defendants. Instead, she has presented this Court with a Complaint that fails to establish a basis for federal court jurisdiction, fails to allege the requisite elements of the claims asserted, and has burdened the Court with a lengthy explanation of events that is belied by Wallace's prior representations to Hobbie and her treating physician. Wallace cannot

---

[8] The report was also formally typed and described the accident as " Clmnt was walking to her work area, tripped and fell over pallet."

avoid the fact that her exclusive remedy for a workplace accident in which she tripped over a pallet jack is the receipt of workers' compensation benefits under Pennsylvania's Workers' Compensation Act. Wallace's Complaint fails as a matter of law, and Defendants' are entitled to summary judgment.

## IV.   CONCLUSION

For all of the reasons set forth above, Defendants respectfully request this Court grant their motion and dismiss the Complaint with prejudice or, in the alternative, to grant summary judgment in their favor.

Respectfully Submitted,

*[signature]*

Matthew J. Maguire (I.D. No. 73844)
Andrew M. DeLucia (I.D. No. 91203)
PEPPER HAMILTON LLP
400 Berwyn Park
899 Cassatt Road
Berwyn, PA 19312-1183
(610) 640-7800

Attorneys for Defendants

Dated: July 11, 2005

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| MARGARET WALLACE,<br><br>　　　　　　　　Plaintiff,<br><br>　　　v.<br><br>SUPERIOR GROUP, SHARP CORP.<br>C.K. HOBBIE, INC. ET AL<br>　　　　　　　　Defendants. | CIVIL ACTION<br><br>NO. 2:05-CV-02797-JG |

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of Defendants' Motion to Dismiss or In The Alternative For Summary Judgment, supporting memorandum of law and proposed Order, were served this date, by first-class mail, postage pre-paid, upon the following pro sec Plaintiff:

　　　　Margaret Wallace
　　　　P.O. Box 8732
　　　　Allentown, PA  18105-8732


　　　　Sean Hart, Esquire
　　　　Heimbach Spitko & Heckman
　　　　535 Hamilton Street
　　　　Suite 200
　　　　Allentown, PA  18101

Counsel for C.K. Hobbie, Inc.

_____
Matthew J. Maguire

Dated: July 11, 2005